UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MONCLAT HOSPITALITY, LLC D/B/A ECONOLODGE INN & SUITES | § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:15-cv-632 |
| LANDMARK AMERICAN INSURANCE COMPANY AND CECIL HENIGSMITH | § § § | |
| Defendants. | § § | |

## DEFENDANT LANDMARK AMERICAN INSURANCE COMPANY'S NOTICE OF REMOVAL

Defendant Landmark American Insurance Company ("Landmark") files this Notice of Removal under 28 U.S.C. §§ 1332, 1441, and 1446 and states:

### I.
### INTRODUCTION

1. Plaintiff Monclat Hospitality, LLC D/B/A Econolodge Inn & Suites ("Plaintiff or "Monclat") commenced this lawsuit on July 15, 2015 by filing Plaintiff's Original Petition ("Petition") in the 342nd Judicial District Court of Tarrant County, Texas.

2. Plaintiff's Petition, which includes a jury demand, names Landmark and Cecil Henigsmith ("Henigsmith") as defendants.

3. Landmark was served with Plaintiff's Petition on August 3, 2015. Henigsmith was served with Plaintiff's Petition on July 23, 2015.

4. Landmark files this Notice within the 30-day time period required by 28 U.S.C. § 1446(b).

5.      Henigsmith need not consent to removal as Landmark contends Henigsmith was improperly joined.[1]

## II.
## PARTIES

6.      Plaintiff is a Texas limited liability company with its principal place of business in Tarrant County, Texas. All members of Plaintiff's limited liability company are citizens of Texas. Accordingly, Plaintiff is a citizen of the state of Texas for purposes of diversity of citizenship.

7.      Landmark American Insurance Company is an insurer whose principal place of business is Oklahoma and whose state of incorporation is Oklahoma. Landmark is a citizen of the state of Oklahoma for purposes of diversity of citizenship.

8.      Cecil Henigsmith is a resident of the state of Texas and has been improperly joined to defeat this Court's diversity jurisdiction. There is no possibility that Plaintiff will be able to establish a cause of action against Henigsmith in this lawsuit.

9.      Because Henigsmith was improperly joined as a defendant in this action, his citizenship should be disregarded for jurisdictional purposes, and complete diversity of citizenship exists between Plaintiff and Landmark (now and on the date Plaintiff filed this lawsuit).

## III.
## BASIS FOR REMOVAL

10.     Removal is proper under 28 U.S.C. § 1332(a) if there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest, costs

---

[1]   *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007). Although Henigsmith need not consent to this removal for the reasons outlined in *Flores*, Henigsmith does consent to the removal of this action.

and attorneys' fees. Plaintiff's original petition alleges her damages are in excess of $1,000,000.[2]

11.     With respect to the claims against Henigsmith, it is Landmark's position that he has been improperly joined in this action.

12.     To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must show either (1) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law, or (2) actual fraud in the pleading of jurisdictional facts.[3] Here, the first applies. This condition is met when there is no reasonable basis for predicting that the plaintiff might recover against the improperly-joined in-state defendant(s).[4] The mere hypothetical possibility that an action against the non-diverse defendant could exist is not enough to preclude a finding of improper joinder.[5]

13.     In its Petition, Plaintiff asserts a laundry list of alleged violations from Chapter 541 of the Texas insurance code, but fails to explain how Henigsmith's alleged bad acts independently violated each of the complained upon actions from that of Landmark's actions. "[F]or an adjuster to be held individually liable, he must have committed some act that is prohibited by the Texas Insurance Code, not just connected to an insurance company's denial of coverage."[6] All of Plaintiff's alleged violations of the Texas Insurance Code for bad faith or fraud are predicated on a finding that Landmark allegedly breached the insurance policy issued

---

[2]   Exhibit G-1 at Section XIV.

[3]   *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004).

[4]   *See id.*

[5]   *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[6]   *Together 6 LLC d/b/a Motel 6 v. The Burlington Ins. Co.*, No. 4:15-CV-064-Y, at 8 (N.D. Tex. Apr. 22, 2015) (citing *Messersmith v. Nationwide Mut. Ins. Co.*, 10 F. Supp. 3d 721, 724 (N.D. Tex. 2014) (attached hereto as Exhibit A).

to Plaintiff. Thus, these allegations can only apply to Landmark. Accordingly, Plaintiff's claims against Henigsmith for violation of the Texas Insurance Code can only apply to Landmark.

14.     Additionally, Plaintiff has alleged claims against Henigsmith for civil conspiracy. An allegation of civil conspiracy, however, "depends on participation in some underlying tort."[7] Plaintiff has not pled any facts which would support a showing of said conspiracy between defendants.

15.     Plaintiff's allegations consist merely of labels, conclusions, and formulaic recitations of the elements of the causes of action collectively asserted against Henigsmith. Although Plaintiff does allege some facts regarding the adjustment of Plaintiff's claim, it fails to explain how these acts rise to an independent cause of action against Henigsmith. Moreover, Plaintiff fails to indicate how the facts apply to the laundry list of allegations pled. None of these bare and conclusory allegations are sufficient to establish a cause of action against Henigsmith under Texas law.[8]

16.     Fittingly, recent opinions from this District have recognized that "[t]he joinder of a local claims adjuster in a state court action against a non-citizen insurance company in an attempt to avoid federal court jurisdiction apparently has become a popular tactic—"[9] referring

---

[7]     *Tilton v. Marshal*, 925 S.W.2d 672, 681 (Tex, 1996).

[8]     *See Plascencia v. State Farm Lloyds*, No. 4:14-CV-524-A, at 14-15 (N.D. Tex. Sept. 25, 2014) (citing *Griggs v. State Farm Lloyds*, 181 F.3d 694, 698 (5th Cir. 1999) (attached hereto as Exhibit B); *see also Messersmith*, 10 F.Supp.3d at 724-25 (holding that insured-plaintiff's formulaic allegations of alleged statutory violations failed to provide a reasonable basis to predict that the insured-plaintiff might be able to recover against the in-state adjuster); *One Way Investments*, 2014 WL 6991277, at *3-5 (same). Landmark also contends that Plaintiff's allegations fail to comply with the pleading requirements imposed by Federal Rules of Civil Procedure 9(b). *See Plascencia* at 15 n.5.

[9]     *See Syp-Empire L.C. d/b/a Grandy's v. Travelers Cas. Ins. Co. of Am.*, 4:15-cv-213-A (N.D. Tex. May 12, 2015) (ECF # 7) (attached hereto as Exhibit C) (citing *Plascencia*, at 1 (N.D. Tex. Sept. 25, 2014) and *Davis v. Metropolitan Lloyds Ins. Co. of Tex.*, No 4:14-CV-957-A, 2015 WL 456726, at *1 (N.D. Tex. Feb 3, 2015); *see also Elton G. Vann, Jr. v. Allstate Ins. Co.*, 4:15-CV-277-A (N.D. Tex. May 12, 2015) (ECF #6) (attached hereto as Exhibit D) (denying remand on the basis of improper joinder).

to the *Plascencia v. State Farm Lloyds* case where the Court listed a multitude of cases in which courts ruled that the joinder of an insurance adjuster or other representative or employee of an insurance company was improper.[10]

17.     The instant case is no different. As noted in *Plascencia*, "[t]here does not appear to be any reason in the instant action why [Henigsmith] would have been joined as a defendant other than to defeat diversity jurisdiction."[11] Nor is there any "suggestion that a recovery by plaintiff against [Henigsmith] would provide any financial gain to plaintiff."[12] This Court must therefore look past the naked allegations brought by the Plaintiff against Henigsmith and find proper diversity between the parties, such that removal is proper.

## IV.
## COMPLIANCE WITH LOCAL RULE 81.1

18.     As required by 28 U.S.C. § 1446(a), and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice:

a.     An index of all documents that clearly identifies each document and indicates the date the document was filed in state court as **Exhibit E**;

b.     A copy of the docket sheet in the state court action as **Exhibit F**;

c.     Each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date) as **Exhibit G**; and

d.     A separately signed certificate of interested persons that complies with Local Rule 3.1(c) as **Exhibit H**.

---

[10]   *Plascencia*, No. 4:14-CV-524-A, at note 4.

[11]   *Id.* at 18.

[12]   *Id.*

**V.**
**CONCLUSION**

Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice will be filed with the clerk of the District Clerk of Tarrant County, Texas and all adverse parties, promptly after the filing of this Notice.

WHEREFORE, Defendant Landmark American Insurance Company requests that this action be removed from the 342nd Judicial District Court of Tarrant County, Texas, to the United States District Court for the Northern District of Texas, Fort Worth Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**

By: _____*/s/ Shannon M. O'Malley*_____
    Shannon M. O'Malley
    Attorney-In-Charge
    Texas Bar No. 24037200
    somalley@zelle.com

    901 Main Street, Suite 4000
    Dallas, TX  75202-3975
    Telephone:   241-742-3000
    Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS**
**LANDMARK AMERICAN INSURANCE**
**COMPANY AND CECIL HENIGSMITH**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing document has been served this 18th day of August, 2015, in accordance with the FEDERAL RULES OF CIVIL PROCEDURE as follows:

Shannon E. Loyd
Texas Bar No. 24045706
shannon@theloydlawfirm.com
THE LOYD LAW FIRM, PLLC
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone:      210-775-1424
Facsimile:      210-775-1410
***Attorney for Plaintiff***
***Monclat Hospitality, LLC***

_/s/ Shannon M. O'Malley_
Shannon M. O'Malley