# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| TOGETHER 6 LLC d/b/a MOTEL 6 | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-064-Y |
| | § | |
| THE BURLINGTON INSURANCE CO., | § | |
| et al. | § | |

## ORDER DENYING MOTION TO REMAND

Before the Court is Plaintiff's motion to remand (doc. 7). After review, the Court DENIES the motion.

I.   BACKGROUND

This case involves a dispute over coverage under an insurance policy. Together 6, LLC, is the named insured on a property-insurance policy issued by The Burlington Insurance Company ("Burlington"). On April 30, 2013, Plaintiff submitted a claim for damage to the roof and interior of its Motel 6 property following a wind-and-hail-storm. Burlington engaged Harper-Kennedy & Associates, Inc. ("Harper-Kennedy"), an independent adjusting firm, to assist with the investigation of Plaintiff's claim. Richard Bridges, a Harper-Kennedy adjuster, was assigned the claim.

Bridges inspected the property on May 9 and May 12, 2013, and reported his findings to Burlington. On May 16, Burlington denied the claim. Burlington determined that the interior damage to the property was not caused by a storm-related opening in the roof as required to trigger coverage under the policy.

Plaintiff filed suit in state court based on the alleged mishandling of its insurance claim. Plaintiff named Burlington and its independent adjuster, Bridges, as defendants. In the state-court complaint, Plaintiff asserts claims for violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, breach of the duty of good faith and fair dealing, breach of contract, fraud, negligent misrepresentation, negligence, gross negligence, conspiracy, and aiding and abetting. Burlington removed the case to this Court based on diversity jurisdiction, even though Bridges is a Texas resident and not diverse. In its notice of removal, Burlington claims that Bridges has been improperly joined to defeat diversity jurisdiction. Plaintiff maintains that it has a viable claim against Bridges and, therefore, his joinder is not improper.

II.  LEGAL STANDARD

When original federal jurisdiction is based on diversity, a defendant may not remove "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). The presence of a non-diverse defendant will not defeat diversity, however, if the removing party establishes that the non-diverse defendant was improperly joined. *Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). Improper joinder may be established by showing either: "(1) actual fraud in the pleading of

2

jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.*, 385 F.3d 568, 573 (5th Cir. 2004) (quoting *Travis v. Irby*, 326 F.3d 644, 646-47 (5th Cir. 2003)).

When, as here, the removing party relies on the second ground, the Court inquires into whether there is any reasonable basis to predict that the plaintiff might be able to recover against the non-diverse defendant. *Id.* As part of this inquiry, the Court uses the same standard employed when evaluating a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), that is, the Court looks at plaintiff's factual allegations to determine whether the complaint states a claims for relief against the non-diverse defendant. *Id.*

There is conflicting authority regarding whether courts should apply the federal pleading standard or the Texas "fair notice" standard when conducting the Rule 12(b)(6)-type analysis recommended in *Smallwood*. As another judge in the Northern District of Texas recognized, though, the issue has largely been resolved following the 2013 adoption of Texas Rule of Civil Procedure 91a.[1]

---

[1] Rule 91a provides:

> Except in a case brought under the Family Code or a case governed by Chapter 14 of the Texas Civil Practice and Remedies Code, a party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences

3

*See Davis v. Metro. Lloyds Ins. Co. of Tex.*, No. 4:14-CV-957-A, 2015 WL 456726, at *2 (N.D. Tex. Feb. 3, 2015) (McBryde, J.) (explaining that after the adoption on Rule 91a, the Texas pleading standard is substantially similar to the federal standard set out in *Iqbal/Twombly*); *see also Bart Turner & Associates v. Krenke*, No. 3:13-CV-2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31, 2014) (Lindsay, J.) (applying the Texas pleading standard but noting that Rule 91a "allows a state court to do what a federal court is allowed to do under Federal Rule of Civil Procedure 12(b)(6)").

Because the pleading standard imposed by Rule 91a brings the Texas standard in line with the more rigorous federal standard, the Court will apply the federal standard in deciding whether Plaintiff has pled sufficient factual allegations such that this Court can predict that a basis exists for Plaintiff to recover against Bridges, the non-diverse defendant. Rule 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." The Court must accept as true all well-pleaded, non-conclusory allegations in the complaint and liberally construe the complaint in favor of the plaintiff. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

---

    reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

Tex. R. Civ. P. 91a.1

The plaintiff must, however, plead specific facts, not mere conclusory allegations, to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). Indeed, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). The Court need not credit bare conclusory allegations or "a formulaic recitation of the elements of a cause of action." *Id.* Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

III. ANALYSIS

The Court's analysis hinges on whether Burlington has demonstrated that there is no reasonable basis for recovery against Bridges. The existence of a single valid claim, even where the rest are unavailing, requires remand of the entire case to state court. *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 412 (5th Cir. 2004).

A. Claims Under Chapter 541 of the Texas Insurance Code

The only cause of action against Bridges addressed in

5

Plaintiff's motion to remand is his claim that Bridges violated the following sections of Chapter 541 of the Texas Insurance Code:

> § 541.060(a)(1) - misrepresenting a material fact or policy provision related to coverage;
>
> § 541.060(a)(2)(A) - failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear;
>
> § 541.060(a)(3) - failing to promptly provide a policyholder with a reasonable explanation of the basis for the insured's denial of a claim;
>
> § 541.060(a)(4) - failing to affirm or deny coverage in a reasonable time; and
>
> § 541.060(a)(7) - refusing to pay a claim without conducting a reasonable investigation.

Burlington contends that Plaintiff has failed to state a viable claim against Bridges for violations of Chapter 541. In support, Burlington points to recent decisions concluding that the insured failed to state a viable claim against the adjuster for similarly alleged violations of Chapter 541 and, accordingly, that the non-diverse adjuster was improperly joined. *Messersmith v. Nationwide Mut. Ins. Co.*, 10 F. Supp. 3d 721 (N.D. Tex. 2014) (Solis, C.J.); *One Way Invs., Inc. v. Century Sur. Co.*, No. 3:14-cv-2839, 2014 WL 6991277 (N.D. Tex. Dec. 11, 2014)(Fitzwater, J.).

As recognized in *Messersmith*, a claims adjuster can be held liable for violations of the Texas Insurance Code. 10 F. Supp. 2d at 724. "But for an adjuster to be held individually liable, [he] must have committed some act that is prohibited by [the Texas

6

Insurance Code], not just be connected to an insurance company's denial of coverage." *Id.*

For instance, § 541.060(a)(2), which requires a good-faith attempt to effectuate prompt, fair, and equitable settlement of the claim, cannot be used to impose liability on a third-party adjuster like Bridges who does not have settlement authority and whose sole role in the claims process is assessing damage on behalf of the insurer. *See id.* at 724. For similar reasons, § 541.060(a)(7), which requires a reasonable investigation prior to the denial of a claim, does not provide a basis for liability against Bridges. That statutory provision targets "the insurance company or the individual at the insurance company who refuses to pay the claim, not the individual responsible for conducting the investigation." 10 F. Supp. 3d at 725.

Furthermore, an adjuster like Bridges cannot he held liable in his individual capacity for violating § 541.060(a)(1) where the only alleged representations involved the cause or scope of the damages--not the details of the insurance policy. To state a claim under § 541.060(a)(1), "[t]he misrepresentations must be about the details of the policy, not the facts giving rise to a claim for coverage." *Messersmith*, 10 F. Supp. 2d at 724. In this case, Plaintiff does not allege that Bridges made representations about policy details; instead, his allegations concern facts that give rise to a policy claim.

7

As noted in *One Way*, there is no case law suggesting that § 541.060(a)(4) applies to adjusters, and the cases discussing the provision all refer to the obligations of insurers, not adjusters like Bridges. *One Way*, 2014 WL 6991277, at *5.

Neither *Messersmith* nor *One Way* considered an alleged violation of § 541.060(a)(3), which requires an insurer to provide a policyholder with a reasonable explanation of the basis for the insurer's denial of a claim. The insurance company, as the ultimate decision maker, is the party obligated to communicate the basis for denying coverage, not the third-party adjuster. And Burlington provided an explanation for the basis of the denial on May 16, 2013, just sixteen days after Plaintiff made his claim. Pl.'s Am. Compl. Ex. A. Accordingly, Plaintiff has not stated a viable claim against Bridges for violation of § 541.060(a)(3).

B. Claims Under Chapter 542 of the Texas Insurance Code

Plaintiff makes the global assertion that "Defendants" violated Chapter 542 of the Texas Insurance Code by failing to accept or reject or pay Plaintiff's insurance claim within the applicable statutory period. But the prompt-payment requirements apply only to insurers. *See* Tex. Ins. Code Ann. § 542.060(a). Bridges--as an adjuster--cannot be held liable for Burlington's alleged failure to timely resolve the claim.

C. Claim for Unfair Insurance Practices

The Texas Insurance Code prohibits any person from engaging in

deceptive acts or practices in the insurance business. Tex. Ins. Code Ann. § 541.003. While independent adjusters like Bridges can be held liable for unfair insurance practices, Plaintiff's articulation of his claim focuses on Burlington's conduct in processing and ultimately denying his claim. For example, Plaintiff alleges that "Defendants" engaged in an unfair settlement process, failed to affirm or deny the claim in a reasonable time, and failed to provide a reasonable explanation for the denial of the claim. The allegations relate to Burlington's conduct. Plaintiff does not allege that Bridges, in his investigation of the claim, engaged in conduct that would support a claim of unfair insurance practices.

   D. Claim for Breach of the Duty of Good Faith & Fair Dealing

Texas law is clear that a third-party adjuster like Bridges does not owe any duty of good faith and fair dealing to an insured. *Natividad v. Alexsis, Inc.*, 875 S.W.2d 695, 698 (Tex. 1994). This is because the duty of good faith and fair dealing arises from the "special relationship" between the insured and the insurer as parties to a contract that is the result of unequal bargaining power. *Id.* An independent adjuster like Bridges has no contractual relationship with the insured that would give rise to a "special relationship" and, therefore, does not owe any duty of good faith and fair dealing to the insured. *See id.*

   E. Claims for Fraud and Negligent Misrepresentation

Plaintiff's allegations of fraud and misrepresentation consist

9

Case 4:15-cv-00064-Y Document 102 Filed 06/22/15 Page 10 of 13 PageID 575

entirely of vague, general conclusions without any factual support. Plaintiff generally asserts that Bridges misrepresented the cause and scope of the damage to Plaintiff's property. But there are no allegations regarding how Plaintiff relied on these alleged misrepresentations or how they damaged him. Plaintiff's fraud claim also fails to comply with the specificity requirements of Federal Rule of Civil Procedure 9(b), which requires, at a minimum, identification of the "who, what, when, where, and how" of the alleged fraud. *United States ex rel. Williams v. Bell Helicopter Textron Inc.*, 417 F.3d 450, 453 (5th Cir. 2005) (quoting *United States ex rel. Thompson v. Columbia/HCA Healthcare Corp.*, 125 F.3d 899, 903 (5th Cir. 1997)).

  F. Claims of Negligence and Gross Negligence

Plaintiff's negligence and gross negligence claims against Bridges are based entirely on the fact that Bridges allegedly gave Plaintiff advice on how to repair the property to prevent further damage. Plaintiff provides no additional facts regarding the repairs Bridges allegedly recommended or how Plaintiff was damaged by such advice. Indeed, the complaint is not even clear as to whether Plaintiff undertook the recommended repairs. As such, the Court concludes that Plaintiff has failed to allege sufficient facts in support of his claims of negligence and gross negligence.

  G. Claim Under the Deceptive Trade Practices Act

As Burlington points out, Plaintiff's claim under the Deceptive Trade Practices Act is nothing more than a formulaic

recitation of DTPA provisions. Plaintiff recites each of the statutory provisions but provides no explanation of how Bridges's conduct in adjusting the claim violated the DPTA or damaged Plaintiff. Plaintiff offers nothing more than "legal conclusions couched as factual allegations," which are not sufficient to avoid a finding of improper joinder. *See Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.*, No. 4:09-CV-165-A, 2009 WL 1437837, at *4 (N.D. Tex. May 22, 2009)(McBryde, J.) (rejecting DPTA claim based on similarly sparse pleading).

> H. Conspiracy Claim

The essential elements of a civil conspiracy claim are: "(1) two or more persons; (2) an object to be accomplished; (3) a meeting of minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Massey v. Armco Steel Co.*, 652 S.W.2d 932, 934 (Tex. 1983). Civil conspiracy is considered a derivative tort because liability "depends on participation in some underlying tort." *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996) (citing *Carroll v. Timmers Chevrolet, Inc.*, 592 S.W.2d 922, 925 (Tex. 1979). Plaintiff has failed to plead any facts against Bridges in support of his conspiracy claim. There are no facts demonstrating that Bridges had a meeting of the minds with Burlington. And as discussed throughout, there are no facts demonstrating that Bridges engaged in actionable conduct that would make him liable for some

11

underlying tort. Without specific facts in support of the conspiracy elements, Plaintiff has failed to state a plausible claim against Bridges for civil conspiracy.

    I.    Claim for Aiding and Abetting

As an initial matter, it is unclear whether a claim for aiding and abetting exists under Texas law. *See W. Fork Advisors, LLC v. SunGard Consulting Servs., LLC*, 437 S.W.3d 917, 921 n.3 (Tex. App. 2014—Dallas 2014, pet. filed). Whatever the status of this cause of action under Texas law, the Texas supreme court has described aiding and abetting conduct as "highly dangerous, deviant, or anti-social group activity which was likely to cause serious injury or death to a person or certain harm to a large number of people." *Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996)). The conduct at issue in this case related to the handling and denial of an insurance claim would not fall within the scope of the conduct associated with the tort of aiding and abetting.

    IV.    CONCLUSION

Based on the forgoing, Plaintiff's motion to remand is DENIED, and Bridges is DISMISSED *sua sponte* as an improperly joined defendant.

SIGNED April 22, 2015.

*Terry R. Means*
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE