Exhibit G-1

342-279761-15

FILED
TARRANT COUNTY
7/15/2015 11:53:01 AM
THOMAS A. WILDER
DISTRICT CLERK

CAUSE NO. _____

| | | |
|---|---|---|
| MONCLAT HOSPITALITY, LLC D/B/A ECONOLODGE INN & SUITES | § § § | IN THE DISTRICT COURT |
| V. | § § § | ____ JUDICIAL DISTRICT |
| LANDMARK AMERICAN INSURANCE COMPANY AND CECIL HENIGSMITH | § § | TARRANT COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff MONCLAT HOSPITALITY, LLC d/b/a ECONOLODGE INN & SUITES files this Original Petition against LANDMARK AMERICAN INSURANCE COMPANY ("Landmark" or the "Insurance Defendant") and CECIL HENIGSMITH ("Henigsmith" or "Adjuster Defendant") or all herein collectively as "Defendants") and in support thereof, would show as follows:

**I.**
**DISCOVERY CONTROL PLAN LEVEL**

Plaintiff intends for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiff will ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

**II.**
**PARTIES AND SERVICE**

Plaintiff is a limited liability company doing business in Tarrant County, Texas.

Defendant Landmark is in the business of insurance in the State of Texas. The insurance business done by Landmark in Texas includes, but is not limited to, the following:

- The making and issuing of contracts of insurance with the Plaintiff;

1

- The taking or receiving of application for insurance, including the Plaintiff's application for insurance;

- The receiving or collection of premiums, commissions, membership fees, assessments, dues or other consideration for any insurance or any part thereof, including any such consideration or payments from the Plaintiff; and

- The issuance or delivery of contracts of insurance to residents of this state or a person authorized to do business in this state, including the Plaintiff.

This Defendant, Landmark American Insurance Company, may be served with personal process by service through David Mattax, Texas Department of Insurance, 333 Guadalupe, Austin, Texas 78701.

Defendant Cecil Henigsmith may be served with personal process by service at 705 Thomas Street, Colleyville, Texas 76034.

### III.
### JURISDICTION AND VENUE

Venue is appropriate in Tarrant County, Texas because all or part of the conduct giving rise to the causes of action were committed in Tarrant County, Texas, and the Plaintiff and property which is the subject of this suit are located in Tarrant County, Texas. Accordingly, venue is proper pursuant to Texas Civil Practice & Remedies Code §15.002.

### IV.
### BACKGROUND FACTS

Plaintiff is the owner of a commercial lines insurance policy (hereinafter referred to as "the Policy"), which was issued by the Insurance Defendant. Plaintiff owns the insured property commonly known as Econolodge Inn & Suites, which is located at 1075 Wet N Wild Way, Arlington, Texas 76011 (hereinafter referred to as "the Property"). Insurance Defendant sold the Policy insuring the Property to Plaintiff.

During the terms of said Policy, Plaintiff sustained covered losses in the form of wind

and/or hail damage and damages resulting therefrom, and Plaintiff timely reported same to Defendant Landmark pursuant to the terms of the Policy. Plaintiff asked that Insurance Defendant cover the cost of repairs to the Property pursuant to the Policy. Insurance Defendant and adjusters, more specifically described below, failed to conduct a full, fair and reasonable investigation of Plaintiff's covered damages. The Defendants have kept and have in their possession a claim file which details the Plaintiff's claim and their investigation, adjustment and subsequent underpayment of the claim.

As detailed in the paragraphs below, Insurance Defendant wrongfully denied Plaintiff's claim for full and necessary repairs to the Property, even though the Policy provided coverage for losses such as those suffered by Plaintiff. Furthermore, Insurance Defendant failed to pay Plaintiff's claim by not providing full coverage for the damages sustained by Plaintiff. To date, Insurance Defendant continues to delay in the payment for the damages to the Property.

## V.
## CAUSES OF ACTION AGAINST INSURANCE DEFENDANT

A.   **BREACH OF CONTRACT**

Insurance Defendant's conduct constitutes a breach of the insurance contract between it and Plaintiff. Defendant's failure and/or refusal, as described above, to pay Plaintiff adequate compensation as it is obligated to do under the terms of the Policy in question, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

Insurance Defendant failed to perform its contractual duty to adequately compensate Plaintiff under the terms of their Policy. Specifically, Insurance Defendant refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions precedent to recovery under the Policy have been carried out and accomplished by

Plaintiff. Insurance Defendant's conduct constitutes a breach of the insurance contract between it and Plaintiff.

**B.    NONCOMPLIANCE WITH TEXAS INSURANCE CODE**

**1.    UNFAIR SETTLEMENT PRACTICES**

Insurance Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices: TX. INS. CODE §541.060(a). All violations under this article are made actionable by TEX. INS. CODE §541.151.

Insurance Defendant misrepresented to Plaintiff that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Insurance Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1).

Insurance Defendant failed to make an attempt to settle Plaintiff's claim in a fair manner, although it was aware of its liability to Plaintiff under the Policy. Its conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A).

Insurance Defendant failed to explain to Plaintiff any valid reason for its coverage denial and offer of an inadequate settlement. Specifically, it failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Furthermore, Insurance Defendant did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for the failure to adequately settle Plaintiff's claim. Insurance Defendant conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(3).

Insurance Defendant's unfair settlement practice, as described above, of refusing to pay Plaintiff's claim without conducting a reasonable investigation, constitutes an unfair method of

competition and an unfair and deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

2. **THE PROMPT PAYMENT OF CLAIMS**

Insurance Defendant's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by TEX. INS. CODE §542.060.

Insurance Defendant failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff's claim, beginning an investigation of Plaintiff's claim, and requesting all information reasonably necessary to investigate Plaintiff's claim within the statutorily mandated time of receiving notice of Plaintiff's claim. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055.

Further, Insurance Defendant failed to accept or deny Plaintiff's full and entire claim within the statutorily-mandated time of receiving all necessary information. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056.

Insurance Defendant failed to meet its obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, it has delayed full payment of Plaintiff's claim and, to date, Plaintiff has not received full payment for the covered loss. Its conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

Because of Insurance Defendant's wrongful acts and omissions, Plaintiff was forced to retain the professional services of the attorney and law firm who is representing it with respect

to these causes of action.

## C. BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

Insurance Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts.

From and after the time Plaintiff's claim was presented to Insurance Defendant, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, it has refused to pay Plaintiff in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. Insurance Defendant's conduct constitutes a breach of the common law duty of good faith and fair dealing.

Further, Insurance Defendant's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## VI.
## CAUSES OF ACTION AGAINST ADJUSTER

### A. NONCOMPLIANCE WITH TEXAS INSURANCE CODE

Plaintiff re-alleges the foregoing paragraphs. At all pertinent times, Henigsmith was engaged in the business of insurance as defined by the Texas Insurance Code. The acts and omissions of Henigsmith and his agents constitute one or more violations of the Texas Insurance Code. More specifically, Henigsmith, among other violations, violated the following provisions of the Code:

1. Insurance Code § 542.003(b)(5) and 28 TAC 21.203(5).
2. Insurance Code chapter 541, section 541.060 by, among other things:

6

- misrepresenting one or more material facts and/or policy provisions relating to coverage;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which their liability has become reasonably clear;

- failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy;

- failing to promptly provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims;

- refusing to affirm or deny coverage within a reasonable time;

- refusing to conduct a reasonable investigation;

- misrepresentations of material fact;

- ignoring damage known to be covered by the Policy; and/or

- conducting an outcome-oriented investigation in order to provide Insurance Defendant with a basis to underpay the claim.

The foregoing paragraphs are incorporated herein. The Insurance Defendant assigned the loss and the claim to Henigsmith, who was at all pertinent times the agent of the Insurance Defendant, through both actual and apparent authority. The acts, representations and omissions of Henigsmith are attributed to the Insurance Defendant.

Henigsmith inspected Plaintiff's property. During the inspection, he was tasked with the responsibility of conducting a thorough and reasonable investigation of Plaintiff's claim, including determining the cause of and then quantifying the damage done to Plaintiff's property. Subsequent to the inspection, Henigsmith prepared a repair estimate which vastly under-scoped the actual covered damages to the property, thus demonstrating he did not conduct a thorough investigation of the claim.

Further, Henigsmith knowingly wrote an improper scope and estimate to replace only parts

of the roofs of Plaintiff's property. Specifically, despite being shown evidence that the roofs of Plaintiff's property required full replacement, Henigsmith refused to estimate total replacement and instead estimated for inadequate and inappropriate repairs to the roof. Additionally, Henigsmith recommended a repair method that not only failed to address all of the damages to Plaintiff's roofs, but also was an improper repair method. After the city inspector informed the parties the city would not approve the repair method Henigsmith was proposing, Henigsmith met with an inspector and misrepresented the amount of damage to the roofs of the property in order to induce the inspector into approving the repair method Henigsmith proposed. Henigsmith then instructed Plaintiff's roofer to contact that specific inspector, and not any others from the city, so he could get approval for the improper repairs.

Despite having been assigned the claim, and despite being given authority and instructions to inspect, adjust and evaluate the claim, Henigsmith failed and refused to properly adjust the claim. They failed to properly inspect the property and the damages, failed to request information, failed to adequately investigate the claim, failed to respond to requests for information from the Plaintiff and/or its agents, failed to timely evaluate the claim, failed to timely estimate the claim, and failed to timely and properly report to the Insurance Defendant and make recommendations to the Insurance Defendant to address all the covered damages. Henigsmith also made misrepresentations of material fact.

The Plaintiff provided information regarding the loss and the claim to Henigsmith. The Plaintiff allowed him full and complete access to the property. The Plaintiff provided sufficient information to Henigsmith to adjust and evaluate the loss. The Plaintiff made inquiries regarding the status of the loss and payment, but Henigsmith failed and refused to respond to the inquiries

and failed to properly adjust the claim and the loss. As a result of his inadequate and outcome-oriented investigation, to date, Plaintiff has not received full payment for the claim.

As a result of the foregoing conduct, which was and is the producing cause(s) of injury and damage to Plaintiff, Plaintiff has suffered damages including, without limitation, actual damages, economic damages, and consequential damages. Moreover, one or more of the foregoing acts or omissions were committed "knowingly", entitling Plaintiff to seek treble damages pursuant to the Insurance Code.

## VII.
## CAUSES OF ACTION AGAINST DEFENDANTS FOR CIVIL CONSPIRACY

Plaintiff re-alleges the foregoing paragraphs. The Defendants conspired to underpay Plaintiff's claim. The Insurance Defendant hired Henigsmith to investigate Plaintiff's claims, and the Defendants set out to intentionally conduct an outcome-oriented investigation in order to avoid paying for all of the damages to Plaintiff's Property covered by the Policy. The Defendants' conspiracy was a proximate cause of Plaintiff's damages.

## VIII.
## KNOWLEDGE

Each of the acts described above, together and singularly, was done "knowingly" by Defendants as that term is used in the Texas Insurance Code and was a producing cause of Plaintiff's damages described herein.

## IX.
## DAMAGES

Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the proximate and producing causes of the damages sustained by Plaintiff.

As previously mentioned, the damages caused by the covered losses have not been properly addressed or repaired in the months since the loss occurred, causing further damage to the

property, and causing undue hardship and burden to Plaintiff, as well as affecting the income of the business. These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

For breach of contract, Plaintiff is entitled to regain the benefit of the bargain, which is the amount of the claim, together with attorney's fees.

For noncompliance with the Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits that should have been paid pursuant to the policy, court costs, and attorney's fees. For knowing conduct of the acts described above, Plaintiff asks for three times the actual damages. TEX. INS. CODE §541.152.

For noncompliance with the Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, as well as eighteen (18) percent interest per annum on the amount of such claim as damages, together with attorney's fees. TEX. INS. CODE §542.060.

For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from the insurer's breach of duty, such as additional costs and losses due to nonpayment of the amount the insurer owed, and exemplary damages.

For civil conspiracy, Defendants are jointly and severally liable for the damages to Plaintiff.

For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorney whose name is subscribed to this pleading. Therefore, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorney in the preparation and trial of this action, including any appeals to the Court of Appeals

and/or the Supreme Court of Texas.

**X.**

In addition, as to any exclusion, condition, or defense pled by Defendants, Plaintiff would show that:

The clear and unambiguous language of the policy provides coverage for damage to the property caused by losses made the basis of Plaintiff's claim, including the cost of access to fix the damages;

In the alternative, any other construction of the language of the policy is void as against public policy;

Any other construction and its use by the Defendants violate the Texas Insurance Code section 541 et. seq. and is void as against public policy;

Any other construction is otherwise void as against public policy, illegal, and violates state law and administrative rule and regulation.

In the alternative, should the Court find any ambiguity in the policy, the rules of construction of such policies mandate the construction and interpretation urged by Plaintiff;

In the alternative, Defendants are judicially, administratively, or equitably estopped from denying Plaintiff's construction of the policy coverage at issue;

In the alternative, to the extent that the wording of such policy does not reflect the true intent of all parties thereto, Plaintiff pleads the doctrine of mutual mistake requiring information.

**XI.**
**REQUEST FOR DISCLOSURES**

Pursuant to the Texas Rules of Civil Procedure 194, Plaintiff requests that Defendants provide the information required in a Request for Disclosure.

342-279761-15

## XII.
## FIRST REQUEST FOR PRODUCTION TO INSURANCE DEFENDANT

1) Produce the non-privileged portion of the Insurance Defendant's complete claim file for Plaintiff's Property relating to or arising out of any damages caused by the loss for which Insurance Defendant opened a claim under the Policy.

2) Produce all emails and other forms of communication between Insurance Defendant, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property which is the subject of this suit.

## XIII.
## FIRST REQUEST FOR PRODUCTION TO ADJUSTER

1) Produce adjuster's complete claim or adjusting file for Plaintiff's Property.

2) Produce all emails and other forms of communication between Insurance Defendant, its agents, adjusters, employees, or representatives and the adjuster, and/or their agents, adjusters, representatives or employees relating to, mentioning, concerning or evidencing the Plaintiff's Property which is the subject of this suit.

## XIV.

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer herein; that, on final hearing, Plaintiff has judgment against Defendants for an amount, deemed to be just and fair by the jury, which will be a sum within the jurisdictional limits of this Court.  FOR THE COURT:  Plaintiff is forced to state a range amount of damages sought, although Plaintiff believes that the amount of damages is solely for the jury to determine. However, because Plaintiff must state a range of damages, Plaintiff pleads that the damages are more than $1,000,000.00.  Plaintiff further pleads for costs of suit; for interest on the judgment; for pre-judgment interest; and, for such other and further relief, in law or in equity, either general or special, to which Plaintiff may be justly entitled.

**PLAINTIFF REQUESTS A TRIAL BY JURY**

342-279761-15

Respectfully submitted,

THE LOYD LAW FIRM, P.L.L.C.
12703 Spectrum Drive, Suite 201
San Antonio, Texas 78249
Telephone:     (210) 775-1424
Facsimile:     (210) 775-1410
Electronic Mail: shannon@theloydlawfirm.com

BY: _____
SHANNON E. LOYD
State Bar No. 24045706

ATTORNEY FOR PLAINTIFF