

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

MONCLAT HOSPITALITY, LLC §
D/B/A ECONOLODGE INN & SUITES, §
§
     Plaintiff, §
§
VS. §  NO. 4:15-CV-632-A
§
LANDMARK AMERICAN INSURANCE §
COMPANY, ET AL., §
§
     Defendants. §

## MEMORANDUM OPINION
and
### ORDER

Before the court for consideration and decision is the
motion of plaintiff, Monclat Hospitality, LLC d/b/a Econolodge
Inn & Suites, to remand. After having considered such motion and
supporting brief, the response of defendant Landmark American
Insurance Company ("Landmark"), the entire record of the above-
captioned action, and pertinent legal authorities, the court has
concluded that the motion to remand should be denied and
plaintiff's purported claims against defendant Cecil Henigsmith
("Henigsmith") should be dismissed.

I.

## Background

This action was initiated in the District Court of Tarrant
County, Texas, 352nd Judicial District, on July 5, 2015, by the
filing by plaintiff of its complaint naming as defendants

Landmark and Henigsmith.[1]  Landmark removed the action from state court to this court by the filing of a notice of removal on August 18, 2015.  It relied on diversity of citizenship subject matter jurisdiction as contemplated by 28 U.S.C. § 1332(a), pleading that plaintiff is a citizen of Texas, that Landmark is a citizen of states other than Texas, and that Henigsmith's Texas citizenship should be disregarded for diversity jurisdiction purposes because he was improperly joined as a defendant in this action.  The amount in controversy is in excess of $75,000.00, exclusive of interest and costs.

On September 16, 2015, plaintiff filed its motion to remand asking that the case be remanded to the state court because of lack of complete diversity of citizenship.  Plaintiff argued that Henigsmith was not improperly joined inasmuch as plaintiff had alleged causes of action against him based on his conduct as the insurance adjuster who was assigned by Landmark to assist it in evaluating the extent of plaintiff's loss.

Landmark responded that it correctly asserted in its notice of removal that Henigsmith was improperly joined as a defendant because plaintiff's pleadings failed to state a cause of action against Henigsmith upon which relief can be granted, with the

---

[1]The practice in Texas state courts is to refer to the plaintiff's pleading as a "petition" rather than a complaint.  For convenience, the court, consistent with federal practice, is referring to plaintiff's pleading as a complaint.

consequence that his citizenship in the State of Texas should be disregarded in the determination of whether a complete diversity of citizenship exists.

II.

## Plaintiff's Complaint

This lawsuit was brought by plaintiff to recover benefits from Landmark under an insurance policy Landmark issued to plaintiff. Plaintiff alleged that the insurance policy covered wind and/or hail damage to plaintiff's property and that Landmark has not paid plaintiff the amount plaintiff claims Landmark should have paid it for its property damage. The gist of the claims alleged by plaintiff are that:

> [Landmark] wrongfully denied Plaintiff's claim for full
> and necessary repairs to the Property, even though the
> Policy provided coverage for losses such as those
> suffered by Plaintiff. Furthermore, [Landmark] failed
> to pay Plaintiff's claim by not providing full coverage
> for the damages sustained by Plaintiff. To date,
> [Landmark] continues to delay in the payment for the
> damages to the Property.

Doc. 1, Ex. G-1 at 3.[2]

Immediately following the language quoted above are plaintiff's liability allegations against Landmark, which include claims of breach of contract, noncompliance with Texas Insurance

---

[2]The "Doc. ___" references are to the numbers assigned to the referenced items on the civil docket in this Case No. 4:15-CV-632-A.

Code in the form of unfair settlement practices and failure to
make prompt payment of claims, and breach of the duty of good
faith and fair dealing.  Id. at 3-6.  Then, plaintiff purported
to allege causes of action against Henigsmith.  Id. at 6-9.
Plaintiff alleged that "at all pertinent times [Henigsmith was]
the agent of [Landmark], through both actual and apparent
authority," and that "[t]he acts, representations and omissions
of Henigsmith are attributed to [Landmark]."  Id. at 7.
Essentially, plaintiff's complaint against Henigsmith is that he
did not conduct his duties as an adjuster hired by Landmark as
plaintiff contends he should have conducted them.  Id. at 7-9.
However, plaintiff did not allege any facts that would support a
conclusion that plaintiff suffered any damage as a result of
Henigsmith's adjustment activities beyond or different from
whatever damages plaintiff might have suffered by reason of
Landmark's alleged breach of its insurance contract.

Finally, plaintiff alleged that Landmark and Henigsmith
conspired to underpay plaintiff's insurance claim, pleading that
Landmark "hired Henigsmith to investigate Plaintiff's claims, and
Defendants set out to intentionally conduct an outcome-oriented
investigation in order to avoid paying for all of the damages to
Plaintiff's Property covered by the Policy."  Id. at 9.

4

III.

Analysis

A.    Pertinent Improper Joinder Principles

     For a case to be removable based on diversity of

citizenship, the removing defendant must demonstrate that all of

the prerequisites of diversity jurisdiction contained in 28

U.S.C. § 1332(a) are satisfied.  One of the requirements is that

there be complete diversity of citizenship, which, of course,

means that removal to federal court is not permitted if the

plaintiff and a properly joined defendant are citizens of the

same state.  When, as here, the plaintiff has joined as a

defendant a person whose presence, if proper, would cause there

not to be a complete diversity of citizenship, the removing

defendant has the burden to establish that the joinder was

improper.

     In Smallwood v. Illinois Central Railroad Co., the Fifth

Circuit confirmed that there are two ways to establish improper

joinder, "(1) actual fraud in the pleading of jurisdictional

facts, or (2) inability of the plaintiff to establish a cause of

action against the non-diverse party in state court."   385 F.3d

5

568, 573 (5th Cir. 2004).  When the second way is relied on by
the removing defendant,

> the test for fraudulent joinder is whether the
> defendant has demonstrated that there is no possibility
> of recovery by the plaintiff against an in-state
> defendant, which stated differently means that there is
> no reasonable basis for the district court to predict
> that the plaintiff might be able to recover against an
> in-state defendant.

Id.  One method of resolving the issue is for the court to
"conduct a Rule 12(b)(6)-type analysis, looking initially at the
allegations of the complaint to determine whether the complaint
states a claim under state law against the in-state defendant."
Id.

B.   The Pleading Standard to be Used in the Rule 12(b)(6)-
     Type Analysis

     The Fifth Circuit has held that federal courts should use
the state court pleading standard when conducting the Rule
12(b)(6)-type analysis of an improper joinder claim to determine
if the plaintiff has stated a claim against a non-diverse
defendant.   Int'l Energy Ventures Mgmt., L.L.C. v. United Energy
Grp., Ltd., ___ F.3d ___ , 2015 WL 4979009, at * 3 (5th Cir. Aug.
21, 2015).  Decisions of Texas appellate courts suggest that by
reason of a recent amendment to the Texas Rules of Civil
Procedure the issue of federal pleading standard versus state
pleading standard now is somewhat moot.

6

In September 2011, the Texas legislature amended section 22.004 of the Texas Government Code to add a requirement that the Texas Supreme Court "adopt rules to provide for the dismissal of causes of action that have no basis in law or fact on motion and without evidence." TEX. GOV'T CODE § 22.004(g) (West Supp. 2014). In response, the Texas Supreme Court adopted in 2013 Texas Civil Rule 91a governing dismissal of baseless causes of action, which provides in its 91a.1 subpart as follows:

> [A] party may move to dismiss a cause of action on the grounds that it has no basis in law or fact. A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought. A cause of action has no basis in fact if no reasonable person could believe the facts pleaded.

TEX. R. CIV. P. 91a.1 (West Supp. 2015).

The Texas Supreme Court has recognized that there are instances requiring the pleader to provide enough detail to show a factual basis for her claims. In re Lipsky, 460 S.W.3d 579, 590-91 (Tex. 2015). Texas now has a failure-to-state-a-claim rule that is substantially the same as the federal rule that is predicated on the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, as that rule was interpreted and applied by the Supreme Court in Bell Atlantic Corp. v. Twombly, 550 U.S. 554 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009). Though Texas appellate courts have not held that the pleading

standard necessary to avoid dismissal under Rule 91a and federal
Rule 12(b)(6) are identical, they have interpreted Rule 91a as
requiring a federal Rule 12(b)(6)-type analysis and have relied
on federal case law in applying Rule 91a. See Drake v. Walker,
No. 05-14-00355-CV, 2015 WL 2160565, at *2-3 (Tex. App.-Dallas
May 8, 2015, no pet.)(mem. op., not designated for publication);
Wooley v. Schaffer, 447 S.W.3d 71, 76 (Tex. App.-Houston [14th
Dist.] 2014, pet. denied); GoDaddy.com, LLC v. Toups, 429 S.W.3d
752, 754-55 (Tex. App.-Beaumont 2014, pet. denied).

This court recognized the effect of the new Texas Rule 91a
in Bart Turner & Associates v. Krenke when, while applying the
Texas pleading standard, the court noted that the allegations of
the pleading now must be examined "in the context of Rule 91a."
No. 3:13-CV-2921-L, 2014 WL 1315896, at *3 (N.D. Tex. Mar. 31,
2014). In Sazy v. Depuy Spine, LLC, the court said with
reference to the new Texas Rule 91a that "[t]his new rule now
allows a state court to do what a federal court is allowed to do
under Federal Rule of Civil Procedure 12(b)(6)." No. 3:13-CV-
4379-L, 2014 WL 4652839, at *4 (N.D. Tex. Sept. 18, 2014); see
also Linron Props., Ltd. v. Wausau Underwriters Ins. Co., No.
3:15-CV-00293-B, 2015 WL 3755071, at *2-3 (N.D. Tex. June 16,
2015) (using Federal Rules 12(b)(6) and 8(a)(2) to interpret
Texas Rule 91a as it applies to Texas pleading standards in an

improper joinder case); <u>Plascencia v. State Farm Lloyds</u>,
No. 4:14-CV-524-A, 2014 U.S. Dist. LEXIS 135081 (N.D. Tex. Sept.
25, 2014).

Now that the Texas pleading standard has, essentially, been
brought into line with the federal standard, the court is making
its ruling on the basis of the case law applicable to the federal
standard.  Rule 8(a)(2) of the Federal Rules of Civil Procedure
provides, in a general way, the applicable federal standard of
pleading. It requires that a complaint contain "a short and plain
statement of the claim showing that the pleader is entitled to
relief," FED. R. CIV. P. 8(a)(2), "in order to give the defendant
fair notice of what the claim is and the grounds upon which it
rests." <u>Twombly</u>, 550 U.S. at 555 (internal quotation marks and
ellipsis omitted).  Although a complaint need not contain
detailed factual allegations, the "showing" contemplated by Rule
8 requires the plaintiff to do more than simply allege legal
conclusions or recite the elements of a cause of action. <u>Id.</u> at
555, 578 n.3.  Thus, while a court must accept all of the factual
allegations in the complaint as true, it need not credit bare
legal conclusions that are unsupported by any factual
underpinnings. <u>See</u> <u>Iqbal</u>, 556 U.S. at 679 ("While legal
conclusions can provide the framework of a complaint, they must
be supported by factual allegations.").

9

Moreover, to survive a motion to dismiss for failure to
state a claim, the facts pleaded must allow the court to infer
that plaintiff's right to relief is plausible.  Id. at 678.  To
allege a plausible right to relief, the facts pleaded must
suggest liability; allegations that are merely consistent with
unlawful conduct are insufficient.  Twombly, 550 U.S. at 566–69.
"Determining whether a complaint states a plausible claim for
relief . . . [is] a context-specific task that requires the
reviewing court to draw on its judicial experience and common
sense."  Iqbal, 556 U.S. at 679.

In Waters v. State Farm Mutual Automobile Insurance Co., the
Southern District of Texas took into account in its § 12(b)(6)
analysis in an improper joinder case the pleading requirements
for fraud prescribed by Rule 9(b) of the Federal Rules of Civil
Procedure.  158 F.R.D. 107, 108–09 (S.D. Tex. 1994); see also
Medistar Twelve Oaks Partners, Ltd. v. American Econ. Ins. Co.,
No. H-09-3828, 2010 WL 2949337, at * 1-2 (S.D. Tex. July 23,
2010) (using Rule 9(a) to evaluate adequacy of fraud allegations
in a Texas pleading).  For a pleading of a fraud claim to be
sufficient, the plaintiff must set forth in the complaint the
"who, what, when, where, and how" of any alleged fraud.  United
States ex rel. Williams v. Bell Helicopter Textron, 417 F.3d 450,
453 (5th Cir. 2005) (internal quotation marks omitted).  "[A]

10

plaintiff pleading fraud [must] specify the statements contended

to be fraudulent, identify the speaker, state when and where the

statements were made, and explain why the statements were

fraudulent." Herrmann Holdings, Ltd. v. Lucent Techs., Inc., 302

F.3d 552, 564-65 (5th Cir. 2002) (internal quotation marks

omitted).

C.   The Complaint Fails to Survive a Rule 12(b)(6)-Type Analysis
     as to Claims Against Henigsmith

     The instant action is yet another of a long line of cases in

which attorneys for an insured-plaintiff joined as a defendant in

the lawsuit filed against an insurance company to recover policy

benefits the adjuster or another representative of the insurance

company in an effort to avoid removal of the case from state

court to federal court. See Doc. 1, Ex. A at 13 n.4, Ex. B at 2,

Ex. D. at 3.  Use by the insured-plaintiff of a "standard form of

petition developed for use in similar cases," which appears

"purposefully designed to defeat federal court jurisdiction," is

a practice that provides a clue as to the intended goal of the

joinder of a non-diverse insurance adjuster.  See Dougherty v.

State Farm Lloyds, No. 4:01-CV-611-A, 2001 WL 1041817 at *2 (N.D.

Tex. Aug. 30, 2001); see also Studer v. State Farm Lloyds, No.

4:13-CV-413, 2014 WL 234352 at *4 (E.D. Tex. Jan. 21, 2014).

The complaint by which plaintiff initiated this action in state court appears to be mere boilerplate, worded virtually identical to complaints the same law firm representing plaintiff has been using to add a non-diverse insurance adjuster as a defendant in an attempt to avoid diversity jurisdiction.  Doc. 9 at App. 55-192 (Exs. E-1 through E-10).

For the reasons discussed below, plaintiff's boilerplate allegations against Henigsmith fail to state a claim against him upon which relief can be granted, and fail to provide a reasonable basis for this court to predict that plaintiff might be able to recover against him.

1.    The Alleged Conspiracy

The conspiracy allegations are mere conclusory allegations that amount to no more than bare assertions that are unsupported by any factual underpinnings that would suggest that plaintiffs have a plausible claim against Henigsmith for conspiracy.  Doc. 1, Ex. G-1 at 9.

In addition, The Fifth Circuit, interpreting Texas law, has held that "a corporation cannot conspire with itself, no matter how many of its agents participated in the wrongful action." Leasehold Expense Recovery, Inc. v. Mothers Work, Inc., 331 F.3d 452, 463 (5th Cir. 2003). "[T]he actions of a corporate agent on behalf of the corporation are deemed the corporation's acts."

12

Orthoflex, Inc. v. ThermoTek, Inc., Nos. 3:11-CV-0870-D, 3:10-CV-
2618-D, 2012 WL 2864510, at *6 (N.D. Tex. July 12, 2012) (quoting
Holloway v. Skinner, 898 S.W.2d 793, 795 (Tex. 1995)). To find
that an agent's actions were not actions of the corporation for a
claim of conspiracy, there must be some personal benefit or self-
dealing on the part of the agent. See Mathis v. DCR Mortg. III
Sub I, LLC, 952 F. Supp. 2d 828, 836-37 (W.D. Tex. July 8, 2013);
Crouch v. Trinque, 262 S.W.3d 417, 427 (Tex. App.-Eastland 2008,
no pet.) (discussing Fojtik v. First Nat'l Bank of Beeville, 752
S.W.2d 669 (Tex. App.-Corpus Christi 1988), writ denied, 775
S.W.2d 632 (Tex. 1989)). Plaintiff has not alleged any facts
that would plausibly lead to the conclusion that Henigsmith was
acting outside the scope of his agency for Landmark or personally
benefitted from the alleged conspiratorial conduct.

Moreover, to state a claim for conspiracy under Texas law,
plaintiff must allege: (1) two or more persons, (2) an object to
be accomplished, (3) a meeting of the minds on the object or
course of action, (4) one or more unlawful, overt acts, and (5)
damages as the proximate result. Massey v. Armco Steel Co., 652
S.W.2d 932, 934 (Tex. 1983). Liability for conspiracy depends on
the participation in some underlying tort for which plaintiff
seeks to hold at least one of the defendants liable. Tilton v.
Marshall, 925 S.W.2d 672, 681 (Tex. 1996). Thus, conspiracy to

13

breach a contract is not actionable under Texas law.  Grizzle v.
Texas Commerce Bank, 38 S.W.3d 265, 285 (Tex. App.--Dallas 2001),
rev'd on other grounds, 96 S.W.3d 240 (Tex. 2003).

    2.   Other Purported Claims Against Henigsmith

    The other purported claims against Henigsmith are the
standard allegations used by plaintiff's counsel that, summed up,
allege in a conclusory fashion that he did not do the job
Landmark hired him to do as he should have done it.  Included in
with that boilerplate language are claims of fraud.  However,
none of those claims is sufficiently pleaded to state a claim for
fraud.  The allegations do not "identify the speaker, state when
and where the statements were made, and explain why the
statements were fraudulent."  Herrmann Holdings, Ltd., 302 F.3d
at 564-65 (internal quotation marks omitted); Medistar Twelve
Oaks Partners, Ltd. v. American Econ. Ins. Co., No. H-09-3828,
2010 WL 2949337, at *1-2 (S.D. Tex. July 23, 2010).

    More generally, plaintiff has failed to state a plausible
claim against Henigsmith.  Plaintiff's allegations regarding
Henigsmith are conclusory and related solely to his investigation
and estimation of damages as an agent for Landmark.  When the
chaff is brushed aside, it is clear that plaintiff's claims arise
out of the insurer's alleged breach of its contractual duty to

plaintiff.[3]  Plaintiff has not alleged that it suffered any
damage caused by Henigsmith individually.  <u>See</u> <u>DeCluette v. State</u>
<u>Farm Lloyds</u>, No. 3:12-CV-4449-B, 2013 WL 607320, at *4 (N.D. Tex.
Feb. 19, 2013); <u>Dougherty</u>, 2001 WL 1041817 at *2 n.1.  Nor has it
alleged any actions outside the scope of his employment as an
adjuster.

D.   <u>Conclusion</u>

     For the reasons given above, the court has concluded that
plaintiff's motion to remand should be denied.  The allegations
of the complaint fail to provide the court a reasonable basis to
conclude that plaintiff might be able to recover against
Henigsmith.  For that same reason, plaintiff's purported claims
and causes of action against Henigsmith should be dismissed.  The
complaint fails to state a claim or cause of action against him
upon which relief can be granted.

IV.

<u>Order</u>

     Therefore,

     The court ORDERS that plaintiff's motion to remand be, and
is hereby, denied.

---

[3]As noted earlier in this memorandum opinion, the gist of the claims alleged by plaintiff are that
Landmark "wrongfully denied Plaintiff's claim for full and necessary repairs to the Property, even
though the Policy provided coverage for losses such as those suffered by Plaintiff." <u>Supra</u> at 3.

15

The court further ORDERS that all claims and causes of action asserted by plaintiff against Henigsmith be, and are hereby, dismissed.

The court determines that there is no just reason for delay in, and hereby directs, entry of final judgment as to such dismissal.

The court further ORDERS that from this point forward Landmark is the only defendant in this action and that the style of this action shall be "Monclat Hospitality, LLC d/b/a Econolodge Inn & Suites, Plaintiff, v. Landmark American Insurance Company, Defendant."

SIGNED October 8, 2015.

_____
JOHN McBRYDE
United States District Judge

16